IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                                    ORDER

          v.                                                  05-cr-104-bbc-01

GREGORY MOSLEY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Gregory Mosley's supervised release was held on October 30, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Bill Jones. Also present was U.S. Probation Officer Michael J. Nolan.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 22, 2005, following his conviction for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 170 months, with a three-year term of supervised release to follow. On August 26, 2009,

defendant's sentence was amended and he was sentenced to a 70-month term of imprisonment with a three-year term of supervised release to follow. Defendant began his term of supervised release on April 1, 2010. In November 2011, as well as June and July 2012, defendant violated Standard Condition No. 2, which required him to submit a truthful and complete written report within the first five days of each month, when he failed to submit reports as required. On July 2 and August 16, 2012, defendant violated Standard Condition No. 3, which required him to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, when he failed to report to the probation office as instructed.

On August 25, 2012, defendant violated Standard Condition No. 6, which required him to notify the probation officer within 72 hours of any change in residence or employment when he absconded from supervision and failed to notify his supervising probation officer of a change in his residence.

Defendant's conduct falls into the category of Grade C violations. In addressing such violations, Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on August 26, 2009 will be revoked.

Defendant's criminal history category is VI. With Grade C violations, he has an

advisory guideline term of imprisonment of 8 to 14 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months because this is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on Gregory Mosley on August 26, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of eight months. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 30th day of October, 2012.

BY THE COURT:

_____
BARBARA B. CRABB
District Judge